UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN PAUL GROSSMAN,

    Plaintiff,

v.

U OF M ANN ARBOR
Hospital,

    Defendant,
_____/

Case No. 25-cv-10625
Honorable Linda V. Parker

**<u>OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT</u>**

Plaintiff Shawn Paul Grossman is a prisoner incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan. Plaintiff has filed a pro se Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1), along with an application to proceed without prepaying the filing fee (ECF No. 2). The Court has granted Plaintiff leave to proceed without prepaying the filing fee. (ECF No. 4.) However, for the reasons that follow, the Court concludes that his Complaint is subject to summary dismissal.

### I. Standard of Review

District courts must screen prisoner civil rights actions and actions where the plaintiff is proceeding in forma pauperis or without prepayment of the filing fee and summarily dismiss any claims that *inter alia* fail to state a claim upon which

1

relief may be granted or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II. Plaintiff's Allegations

Plaintiff is suing the University of Michigan Hospital ("Hospital") in Ann Arbor, Michigan. He alleges that, on June 14, 2023, what he calls "an EAG test" was performed on his hand at the Hospital. Plaintiff alleges that this test caused him major nerve damage, and that he no longer has any feeling in his right hand. Plaintiff further alleges that while the test was being conducted on his right elbow, a sharp shooting pain went down his right arm to his right hand.

2

According to Plaintiff, for a week after the test, he felt like he had been hit in his "funny bone," i.e. the ulnar nerve. Although that sensation went away, Plaintiff claims that he cannot feel the fingertips on his right hand and the hand itself feels numb. He alleges trouble holding everyday objects. He seeks monetary damages.

## II.  Analysis

To state a claim under § 1983, a plaintiff must allege facts showing that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

Plaintiff's claims against the University of Michigan and its hospital must be dismissed, because neither a State nor its agencies are "persons" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the University of Michigan and its hospital are State agencies. *See Kerchen v. Univ. of Mich.*, 100 F.4th 751, 761 (6th Cir. 2024); *Estate of Ritter by Ritter v. Univ. of Mich.*, 851 F.2d 846, 850 (6th Cir. 1988). The Eleventh Amendment bars lawsuits against a State and its agencies unless the State has waived its immunity, *see Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-73 (1987), or unless Congress has exercised its power under § 5 of

the Fourteenth Amendment to override that immunity, *Will*, 491 U.S. at 66. Neither Michigan nor Congress have waived the State's immunity under § 1983.

Moreover, Plaintiff's allegations fail to state a claim for relief under § 1983 as they allege, at most, negligence or medical malpractice, which is not actionable under this federal statute. "The Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Lewellen v. Metro. Gov't of Nashville & Davidson Cnty.*, 34 F.3d 345, 348 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."). Likewise, a complaint that a doctor or other health provider was negligent in diagnosing or treating a prisoner's medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995). "[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

An Eighth Amendment claim of deliberate indifference must be supported by more than mere negligence. *See Harrison v. Ash*, 539 F.3d 510, 522 (6th Cir. 2008). Thus, "[w]hen a [medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to

4

the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).  Plaintiff does not allege facts to plausibly suggest that the Hospital or its employees were deliberately indifferent to his medical needs, only that they were at most negligent in performing the test.

For these reasons, Plaintiff fails to plead a plausible § 1983 claim.  Because the Complaint lacks any arguable basis in the law, this Court certifies that any appeal would be frivolous and not undertaken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint  (ECF No. 1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that any appeal taken by Plaintiff would not be done in good faith.

                                                         s/ Linda V. Parker
                                                         LINDA V. PARKER
                                                         U.S. DISTRICT JUDGE

Dated: April 16, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 16, 2025, by electronic and/or U.S. First Class mail.

                                                      s/Aaron Flanigan
                                                      Case Manager